UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VIRGINIA HAUF and STEPHEN BARROW,

              Plaintiffs,                                  Case No. 1:06-cv-627

v.                                                  HON. JANET T. NEFF

LIFE EXTENSION FOUNDATION and
WILLIAM FALOON,

              Defendants.

_____/


## OPINION

      Pending before the Court are the parties' competing motions for summary judgment pursuant to FED. R. CIV. P. 56. Having reviewed the written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court grants Defendants' Motion for Summary Judgment on All Remaining Counts in Plaintiffs' Second Amended Complaint (Dkt 163). Consequently, the Court denies Plaintiffs' Motion for Partial Summary Judgment Pursuant to FED. R. CIV. P. 56 Against Defendant Life Extension Foundation (LEF) (Dkt 156) and denies Defendant William Faloon's Motion for Summary Judgment Based on Lack of Any Personal Involvement (Dkt 159).

I

### A. *Factual Background*

      Plaintiff Virginia Hauf (formerly known as Virginia Gorka) and plaintiff Stephen Barrow are mother and son. In 1993, Hauf contacted LEF to purchase shark cartilage supplements for

Barrow, who was suffering from brain cancer (Statement of Material Facts [SMF] ¶ 10).  In 2001,

following prior publications of their testimonial about Barrow's recovery in LEF's magazine, Hauf

contacted the co-founder of LEF, asking that he contact her (Df. Exh. 7; SMF ¶ 17).  Specifically,

she wrote: "I would like to get with you [sic] on the life extension foundation.  I feel your products

are wonderful.  If you could please give me a call … I would like to work out something with you

in regards to recommending your products" (*id.*).

Plaintiff Hauf does not dispute that she thereafter updated her testimonial and signed the

following release:

## STANDARD RELEASE OF TESTIMONIALS & PHOTOS

I, _____, do hereby give LIFE EXTENSION FOUNDATION AND
ALL ITS BUSINESS AFFILIATES, its assigns, licensees, and legal representatives
the irrevocable right to use my name (or any fictional name), picture, portrait, digital
image, or photograph in all forms and media and in all manners, including composite
or distorted representations, for advertising, trade or any other legal purposes, and
I waive any right to inspect or approve the finished product, including written copy,
that may be created in connection therewith.

I am over eighteen (18) years of age and have read the above authorization and
release prior to its execution.

    7/9/01                           /s/ Virginia A. Gorka   
Date                                       Name

[Df. Exh. 8; SMF ¶¶ 19-21]

At Hauf's request, LEF ceased publication of her testimonial in 2005 (SMF ¶ 38).

### B.  *Procedural Posture*

On September 1, 2006, plaintiffs filed the instant action, alleging seven counts arising from

the publication of the testimonial about Barrow's cancer recovery story in the membership drive

campaign materials LEF disseminated in 2005.  Plaintiffs amended their complaint two times, and

defendants moved for dismissal of certain counts. This Court denied defendants' motions to dismiss on March 4, 2008 (Dkts 37-38).

At this juncture, four counts remain of plaintiffs' Second Amended Complaint: a Lanham Act claim brought on behalf of both plaintiffs alleging that defendants engaged in false endorsement/association under 15 U.S.C. § 1125(a)(1)(A) (Count I); a Lanham Act claim brought on behalf of only plaintiff Hauf alleging that defendants engaged in false advertising/association under 15 U.S.C. § 1125(a)(1)(B) (Count II); a common law right-to-privacy claim alleging that defendants misappropriated plaintiffs' names and likenesses for commercial benefit (Count III); and a claim against LEF alleging that its aforementioned conduct violates the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903(1) (Count VIII).

In their collective motion for summary judgment, defendants first argue that all four of plaintiffs' remaining claims should be summarily decided in their favor in light of plaintiff Hauf's 2001 release.[1] Defendants also proffer alternative arguments for summary judgment in their favor on each of the four counts. In the event this Court determines that LEF did not have plaintiffs' permission to publish the testimonial, defendant Faloon has also filed a separate motion for summary judgment in which he argues that he had no personal involvement in the publications and cannot be held personally liable. Plaintiffs have filed a separate motion for summary judgment, arguing they are entitled to judgment as a matter of law on their counts against LEF.

---

[1] In their affirmative defenses to plaintiffs' Second Amended Complaint, defendants asserted that "plaintiffs' claims are barred, in whole or in part, because plaintiffs consented to the use of their story by defendants and released any and all claims and damages that might be asserted before or after the execution of the release." 2/13/2008 Aff. Def. 15 (Dkt 35).

## II

### A. *Motion Standard*

A moving party is entitled to a grant of its motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Hamilton v. Starcom Mediavest Group, Inc.,* 522 F.3d 623, 627 (6th Cir. 2008).

The party moving for summary judgment has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Slusher,* 540 F.3d at 453. "Once the moving party supports its motion for summary judgment, the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher,* 540 F.3d at 453 (citing FED. R. CIV. P. 56(e)). The ultimate inquiry is "whether the state of the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### B. *Discussion*

As the legal effect of plaintiff Hauf's 2001 release may be outcome determinative, this Court first turns to examination and consideration of this issue, which is the first issue presented in Defendants' Motion for Summary Judgment on All Remaining Counts in Plaintiffs' Second Amended Complaint. Mot. 9-11. Defendants argue that the release bars all four claims remaining in this case, not only Hauf's claims but also Barrow's because Barrow admitted that his mother had

his permission to use his name.[2] Mot. 11 n. 6. Plaintiffs do not contradict that Hauf had Barrow's permission, arguing instead that the document Hauf signed is, at best, "an authorization." Resp. 6, 8. According to plaintiffs, defendants have distorted the facts and the law surrounding the release issue.

Under well-established Michigan law,[3] courts construe releases consistent with general state law contract principles, with the intent of the parties controlling the scope of the release. *Barden Detroit Casino, L.L.C. v. City of Detroit,* 59 F. Supp. 2d 641, 659 (E.D.Mich. 1999) (citing *Taggart v. United States,* 880 F.2d 867, 870 (6th Cir. 1989) (interpreting Michigan contract law); *Wyrembelski v. City of St. Clair Shores,* 553 N.W.2d 651, 652 (Mich. Ct. App. 1996); *Gortney v. Norfolk & Western Ry. Co.,* 549 N.W.2d 612, 614 (Mich. Ct. App. 1996)), aff'd 230 F.3d 848 (6th Cir. 2000).

In determining the intent of the parties, the Court must look to the language of the release itself. *Taggart,* 880 F.2d at 869. "If the language is unambiguous, the meaning of the language is a question of law, and the intent of the parties must be discerned from the words used in the instrument. However, if the scope of a release agreement is ambiguous, the question thus becomes one of determining the intention of the parties." *Id.* at 870 (internal citations omitted).

---

[2] Barrow testified, "[M]y mom has permission to use the stories that she, you know, the '94-'95 publications that went out, even in the 2001 publications that went out" (Barrow Dep [Df. Ex. 14] 115:8-24).

[3] The parties did not address (and their choice of legal authorities does not indicate) whether federal or state law should be used to guide the contract interpretation in this case, which plaintiffs brought under both diversity and federal question jurisdiction. This Court has determined to apply Michigan law in ascertaining whether a contract exists. *See Cleveland-Cliffs Iron Co. v. Chicago & North Western Transp. Co.,* 581 F.Supp. 1144, 1149-50 (W.D. Mich. 1984).

5

The language of the "Standard Release of Testimonials & Photos" in this case is clear and unambiguous.  In signing the document, Hauf provided a right to not only LEF but also LEF's business affiliates,  assigns, licensees, and legal representatives, language that would encompass LEF co-founder and director Faloon.  Hauf granted this group an "irrevocable right" to use her name or any fictional name, picture, portrait, digital image, or photograph "in all forms" and media and "in all manners," including composite or distorted representations for advertising, trade or any other legal purposes.  "[T]here is no broader classification than the word 'all.'"  *Skotak v. Vic Tanny Int'l, Inc.,* 513 N.W.2d 428, 430 (Mich. Ct. App. 1994).  "In its ordinary and natural meaning, the word 'all' leaves no room for exceptions." *Id.*  Indeed, Hauf waived "any right to inspect or approve the finished product, including written copy."

Plaintiffs nonetheless assert that the language in the "Standard Release of Testimonials & Photos" is ambiguous.  According to plaintiffs, Hauf only intended for the testimonial to be placed once in LEF's magazine, as had occurred with the prior publications, and that she did not ever intend for the testimonial about her son's recovery to be used for monetary gain.  Resp. 6, 10.  Plaintiffs emphasize that because no other LEF representative disputes Hauf's version of events as to the circumstances surrounding her updated testimonial and "release," her testimony is undisputed. Plaintiffs also point out that her version of events is supported by contemporaneous facsimile transmissions in the record as well as the testimony from LEF's marketing directors that their practice was to have any changes to a testimonial reviewed by the person giving the testimony (Searles Dep [Pl. Exh. B] 96-97; Stahl Dep [Pl. Exh. G] 26).  Resp. 10.

Defendants point out that the release does not contain an explicit merger or integration clause.  Mot. 10.  Defendants assert that because Hauf admitted that she read the release before

signing it and that she voluntarily signed it, there is no reason to look beyond the language of the release. *Id.,* 10-11.

Drawing all reasonable inferences in plaintiffs' favor, *see Slusher, supra,* the Court agrees with defendants that the considerations plaintiffs present do not render ambiguous the language in the release. "The fact that the parties dispute the meaning of a release does not, in itself, establish an ambiguity. A contract is ambiguous only if its language is reasonably susceptible to more than one interpretation. If the terms of the release are unambiguous, contradictory inferences become subjective and irrelevant, and the legal effect of the language is a question of law." *Gortney,* 549 N.W.2d at 614-15 (internal citations and quotations omitted).

Plaintiffs also argue that the release does not grant defendants any right to use the *testimonial*. According to plaintiffs, the document merely provides LEF with "the opportunity to use names, photographs and other images in its publications without prior approval from plaintiffs." Resp. 10-11. Plaintiffs' argument is belied by the bold-font, capitalized title of the document: "**STANDARD RELEASE OF TESTIMONIALS & PHOTOS**." Plaintiffs' argument is also belied by the language of the release, which references not only the "use" of the signatory's name but also "written copy" created in connection with the use of the name and picture. "The law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest." *Michigan Chandelier Co. v. Morse,* 297 N.W. 64, 67 (Mich. 1941) (quoted with approval in *Taggart,* 880 F.2d at 870). "This court does not have the right to make a different contract for the parties ... when the words used by them are clear and unambiguous." *Id.*

Last, plaintiffs unconvincingly argue that the release is not necessarily a release of legal claims because no legal claims are specified in the document. Resp. 8, 10. Their argument misses

the import of the release Hauf signed. Although the release does not specify any legal claims, the language of the release is unambiguous and broad enough to bar the remaining claims plaintiffs have in this suit.

Specifically, in light of the release, defendants cannot be held liable to plaintiffs on Count I under the Lanham Act for purported false endorsement/association. "False endorsement occurs when a celebrity's identity is connected with a product or service in such a way that consumers are likely to be misled about the celebrity's sponsorship or approval of the product or service." *ETW Corp. v. Jireh Pub., Inc.,* 332 F.3d 915, 925-26 (6th Cir. 2003). Plaintiffs were not falsely associated with LEF; rather, plaintiff Hauf expressly authorized defendants' use of the testimonial. Similarly, defendants cannot be held liable to plaintiff Hauf on Count II under the Lanham Act for purported false advertising/association where Hauf gave LEF the right to use her name and picture "for advertising" and waived "any right to inspect or approve the finished product, including written copy."

The release also operates to negate plaintiffs' misappropriation claim in Count III. To prevail on this claim, plaintiffs must prove (1) a pecuniary interest in their identities, and (2) that their identities have been commercially exploited by defendants. *See Parks v. LaFace Records,* 329 F.3d 437, 460 (6th Cir. 2003); *Landham v. Lewis Galoob Toys, Inc.,* 227 F.3d 619, 624 (6th Cir. 2000). A reasonable jury could not find that LEF commercially exploited plaintiffs' identities where plaintiff Hauf expressly consented to LEF's use of the testimonial and likeness.

Last, the release operates to negate plaintiffs' state law claim in Count VIII against LEF. According to plaintiffs, LEF's publication of the testimonial violated the MCPA inasmuch as the testimonial caused confusion about the sponsorship or approval of LEF goods, membership and

services and misrepresented the benefits of LEF goods, membership and services. However, where LEF was proceeding with Hauf's permission, even her permission to issue a version of the testimonial she did not inspect or approve, a reasonable jury could not find that LEF's conduct violated the MPCA.

In summary, in considering this threshold issue, this Court agrees with defendants that the lawsuit is ripe for summary judgment in their favor. The state of the evidence is such that a reasonable jury could not return a verdict for plaintiffs.

III

Defendants are granted summary judgment of all counts remaining in this case. Consequently, plaintiffs' motion for summary judgment of their claims against LEF and defendant Faloon's individual motion for summary judgment are both denied.

A Judgment will be entered consistent with this Opinion.

DATED: June 22, 2009            /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VIRGINIA HAUF and STEPHEN BARROW,

                Plaintiffs,                              Case No. 1:06-cv-627

v.                                                HON. JANET T. NEFF

LIFE EXTENSION FOUNDATION and
WILLIAM FALOON,

                Defendants.

_____/


**JUDGMENT**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on All Remaining Counts in Plaintiffs' Second Amended Complaint (Dkt 163) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant William Faloon's Motion for Summary Judgment Based on Lack of Any Personal Involvement (Dkt 159) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment Pursuant to FED. R. CIV. P. 56 Against Defendant Life Extension Foundation (Dkt 156) is DENIED.


DATED: June 22, 2009                 /s/ Janet T. Neff                
                                               JANET T. NEFF
                                             United States District Judge