UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VIRGINIA A. HAUF and
STEPHEN R. BARROW, JR.,

          Plaintiffs,                         Case No. 1:06-cv-627

v.                                          HON. JANET T. NEFF

LIFE EXTENSION FOUNDATION and
WILLIAM FALOON,

          Defendants.
_____/


## OPINION AND ORDER

Pending before the Court is defendants' Motion for an Award of Attorney Fees (Dkt 201), as to plaintiff Hauf. Plaintiffs filed a response in opposition (Dkt 204). Having carefully considered the parties' briefs, the Court determines that the motion is properly denied.[1]

### I. BACKGROUND

Plaintiffs Virginia Hauf and Stephen Barrow, Jr. are mother and son who filed a seven-count complaint arising from the 2005 publication of Barrow's cancer recovery story in the membership drive campaign materials disseminated by Life Extension Foundation (LEF). Plaintiffs amended their complaint two times. In their affirmative defenses to plaintiffs' Second Amended Complaint, defendants asserted that "plaintiffs' claims are barred, in whole or in part, because plaintiffs consented to the use of their story by defendants and released any and all claims and damages that

---

[1]This motion is being decided without oral argument. W.D. Mich. LCivR 7.2(d).

might be asserted before or after the execution of the release" (Dkt 35, 2/13/2008 Aff. Def. 15). Defendants moved for dismissal of certain counts, which this Court denied on March 4, 2008 (Dkts 37-38).

On June 6, 2008, defendants served an offer of judgment for all counts in the Second Amended Complaint (Dkt 52). Plaintiffs did not accept the offer. On October 21, 2008, defendants served seven separate offers of judgment (Dkts 84-90), and plaintiffs accepted the offer of judgment on Count VII for their claim of Defamation. Further, in February 2009, plaintiffs voluntarily withdrew Count IV (Invasion of Privacy—False Light) and Count VI (Right of Publicity) of their Second Amended Complaint.

In April 2009, the parties filed their respective dispositive motions. On June 22, 2009, this Court entered an Opinion and Judgment (Dkt 198), granting defendants summary judgment on the four remaining counts in plaintiffs' Second Amended Complaint: a Lanham Act claim brought on behalf of both plaintiffs alleging that defendants engaged in false endorsement/association under 15 U.S.C. § 1125(a)(1)(A) (Count I); a Lanham Act claim brought on behalf of only plaintiff Hauf alleging that defendants engaged in false advertising/association under 15 U.S.C. § 1125(a)(1)(B) (Count II); a common law right-to-privacy claim alleging that defendants misappropriated plaintiffs' names and likenesses for commercial benefit (Count III); and a claim against LEF alleging that its aforementioned conduct violated the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903(1) (Count VIII). The Court determined, for the reasons stated therein, that the legal effect of plaintiff Hauf's 2001 release determined the outcome of these claims in defendants' favor. Plaintiffs have filed a Notice of Appeal from this Court's decision (Dkt 205).

On July 6, 2009, defendants filed this motion, seeking $291,373.25 in attorney fees (Dkt 201). Plaintiffs filed a response in opposition on July 20, 2009 (Dkt 204). On November 16, 2009, the Court approved the parties' stipulation to dismiss plaintiff Barrow's claims against defendants with prejudice and without costs (Dkts 212 & 213). Therefore, defendant's Motion for an Award of Attorney Fees remains pending before the Court as to only plaintiff Hauf (Dkt 212, Stip. ¶ 1).

## II.  DISCUSSION

Defendants move for attorney fees pursuant to FED. R. CIV. P. 54(d) and a provision of the the Lanham Act, 15 U.S.C. § 1117(a). Rule 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Lanham Act § 1117(a), in turn, provides in pertinent part that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). *See Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 28-29 (2003) (indicating that the statute's clear language is not limited to trademark issues).

Lanham Act § 1117(a) yields two inquiries: (1) whether the requesting party was the "prevailing party," and (2) whether the case was "exceptional." *Audi AG v. D'Amato,* 469 F.3d 534, 550 (6th Cir. 2006). The parties here do not dispute whether defendants were the prevailing party. Their arguments center on whether this was an "exceptional" case in which attorney fees would be properly awarded to defendants.

The Lanham Act does not define "exceptional." The Sixth Circuit Court of Appeals has held that "an 'exceptional' case is one where a defendant engaged in trade practices that were 'malicious, fraudulent, willful or deliberate,' *Hindu Incense v. Meadows,* 692 F.2d 1048, 1051 (6th Cir. 1982), or where a plaintiff brings a suit that could fairly be described as 'oppressive.' *Finance Inv. Co.*

*(Bermuda) Ltd. v. Geberit AG,* 165 F.3d 526, 533 (7th Cir. 1998)." *Balance Dynamics Corp. v. Schmitt Indus., Inc.,* 2000 WL 226959, at *1 (6th Cir. 2000).

The Sixth Circuit has indicated that the "oppressive" standard applicable to prevailing defendants requires "an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation." *Eagles, Ltd. v. Am. Eagle Found.,* 356 F.3d 724, 728-29 (6th Cir. 2004) (citing *S Indus. v. Centra 2000, Inc.,* 249 F.3d 625, 627 (7th Cir. 2001) ("A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit."); *Nat'l Ass'n of Prof'l Baseball Leagues v. Very Minor Leagues, Inc.,* 223 F.3d 1143, 1146-47 (10th Cir. 2000) ("No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well.")). "Where a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate." *Eagles, Ltd.,* 356 F.3d at 728 (quoting *American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery, Inc.,* 185 F.3d 606, 625 (6th Cir. 1999)).

Defendants argue that "[t]his case is exceptional and warrants an award of attorneys' fees to Defendants because Plaintiffs failed to sufficiently investigate the facts before filing their Complaint and throughout the litigation" (Defs. Mot. ¶ 5). In particular, defendants emphasize (1) that plaintiffs failed to disclose that Hauf herself had contacted LEF in 2001 and offered to endorse its products, and (2) that the release plaintiff Hauf signed in 2001 was not disclosed or discussed by plaintiffs until after defendants located and produced it (*id.* at ¶ 6). Defendants opine that it is

4

appropriate for the Court to award them their attorney fees for having to defend against such

protracted litigation that could have been resolved much earlier had plaintiffs investigated the basis

for their claim and evaluated the dispositive nature of the release and Hauf's solicitation of LEF.

Last, defendants defend the reasonableness of both the number of hours spent and the hourly rates

(*id.* ¶¶ 7-8).

In response, plaintiffs assert that while Hauf admitted to forgetting whether she had signed

a release in 2001, she has always admitted that she authorized defendants to use her testimonial for

an update publication in defendant's magazine (Pl. Resp. at 2). Plaintiffs argue that they had a

colorable legal basis to allege that the circumstances surrounding the signing of the release only

allowed for defendants to publish plaintiff Hauf's update testimonial one time in defendants'

magazine (*id.* at 5). Plaintiffs opine that their claims were explored in detail during a "lengthy and

hard fought discovery period," and that defendants' delay in filing their dispositive motion is

evidence that the release and circumstances surrounding same are not "clear and unambiguous" (*id.*

at 6-7). Plaintiffs also assert that they acted reasonably in narrowing the issues of this case as the

evidence became more clear (*id.*).

Whether to grant attorney fees is a matter within this Court's discretion. *See Audi AG,* 469

F.3d at 550. After carefully considering defendants' argument and the circumstances of this case,

the Court determines that neither plaintiffs' initiation of the suit nor their conduct during litigation

were so clearly improper as to deem this an "exceptional" case. In their initial complaint, plaintiffs

alleged that Hauf "agreed to have her and her son's story placed in the museum and published in the

Life Extension Foundation magazine," including additional "updates" over the years (Dkt 1, Compl.

¶¶ 24, 28-29). Plaintiffs' suit depended on their construction of the parameters of Hauf's

permission. The Court found that the considerations plaintiffs presented did not render ambiguous the language in the "Standard Release of Testimonial & Photos," a finding the Sixth Circuit will ultimately review, but the Court's finding does not inexorably compel the conclusion that plaintiffs' pursuit of the action was "oppressive" or "an abuse of process," especially here, where Hauf's written solicitation and release were also available to and were ultimately produced by defendants.

The Court, in its discretion, declines to award defendants their attorney fees. Having determined that an award of attorney fees is not appropriate, the Court has not addressed the reasonableness of the claimed hours and hourly rate.

### III.  CONCLUSION

For the reasons stated, the Court declines to issue defendants an award of their attorney fees. Therefore,

**IT IS HEREBY ORDERED** that the Motion for an Award of Attorney Fees (Dkt 201) is DENIED.


DATED: May 25, 2010                           /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge